**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**SCRANTON DIVISION**

MICHELLE VARGAS, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

NRA GROUP, LLC D/B/A NATIONAL RECOVERY AGENCY,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff Michelle Vargas ("Plaintiff" or "Vargas") brings this class action against Defendant NRA Group, LLC d/b/a National Recovery Agency ("NRA" or "Defendant"), and alleges as follows upon personal knowledge as to Plaintiff. As to all other matters, allegations are made upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

2. Vargas brings this class action for damages resulting from Defendant NRA's placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff notified Defendant in writing that she wished Defendant to cease further communications with Plaintiff, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

3. Congress enacted the FDCPA in 1977 after noting the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

4. At the time the FDCPA was being considered, Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*

5. A significant purpose of the FDCPA is not only to eliminate abusive practices by debt collectors, but "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id.

6. The FDCPA is a remedial statute, which is construed broadly so as to effect its purpose of protecting consumers. *See, Brown v. Card Serv. Ctr*., 464 F.3d 450, 453 (3d Cir. 2006).

7. Defendant NRA is a nationwide debt collector. As part of its debt collection operations, Defendant sends consumers multiple debt collection text messages in an attempt to collect alleged debts, even after consumers have communicated in writing that they do not wish to receive further communications.

8. Plaintiff Vargas is one such consumer. After receiving a series of debt collection messages from NRA attempting to collect alleged debts owed to a third

party, Vargas notified NRA in writing that she wished for it to cease further debt collection text messages.

9. Nonetheless, Defendant continued to send Plaintiff debt collection text messages after Plaintiff communicated her desire to cease further communications.

10. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

11. Plaintiff seeks relief for herself, and all others similarly situated for Defendant's unlawful behavior.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because her claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

13. The Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District.

14. Venue is proper in this District and in this Division, because the occurrences which give rise to Plaintiff's claims, including but not limited to

Plaintiff's receipt of the unlawful text messages, occurred within this Division and this District.

## PARTIES

15. Plaintiff Vargas is, and at all times mentioned herein was, an adult individual residing in Carbon County, Pennsylvania.

16. Defendant NRA is a Pennsylvania limited liability company whose principal office is located at 2491 Paxton Street, Harrisburg, PA 17111. Defendant is a collection agency whose principal purpose is the collection of debts, and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTS

17. In or about September 2025, NRA Group began sending debt collection text messages to Ms. Vargas's cellular telephone, the number for which is (917) XXX-7300, in an attempt to collect an alleged medical debt for St. Luke's Hospital.

18. The alleged debt arose from medical care, which constitutes a transaction for personal, family or household purposes.

19. NRA sent a litany of debt collection text messages to Ms. Vargas using the short codes 20964 and 90183.

20. On or about September 25, 2025, after receiving such debt collection text messages from Defendant, which used the short code 20964, Plaintiff unequivocally instructed NRA to stop the unwanted debt collection text messages: "STOP. Do not contact me again. All further communication must be in writing by email only." A true and correct copy of that text message from Plaintiff is copied below.




21. Despite Plaintiff's clear and unequivocal cease-and-desist instruction, NRA continued to send unwanted and harassing text messages to Plaintiff, using both the 20964 and 90183 short codes.

22. The image copied above reflects post cease-and-desist text messages from the 20964 short code. Below is a true and correct copy of a screenshot from the 90183 short code:




23. A non-exhaustive list of debt collection text messages sent to Plaintiff after her clear written cease-and-desist request follows below:

| **Date of Text** | **Short Code** | **Content of Text Message** |
|---|---|---|
| 11/5/2025 | 20964 | NRA Group, a Debt Collector: we understand that setbacks happen (sic) Visit www.nrag.us/46908765 to pay or call 800-773-4504 for help. This number doesn’t reply to text messages, except for STOP to unsubscribe. |
| 12/18/2025 | 90183 | NRA Group, a Debt Collector: we understand that setbacks happen (sic) Visit www.nrag.us/49948173 to pay or call 800-773-4504 for help. This number doesn’t reply to text messages, except for STOP to unsubscribe. |
| 12/22/2025 | 90183 | NRA Group, a Debt Collector: we understand that setbacks happen (sic) Visit www.nrag.us/46908765 to pay or call 800-773-4504 for help. This number doesn’t reply to text messages, except for STOP to unsubscribe. |

| | | |
|---|---|---|
| 1/1/2026 | 90183 | NRA Group, a Debt Collector: we have a settlement offer for you on your balance. www.nrag.us/49948173 To opt out, reply STOP. |
| 1/14/2026 | 20964 | NRA Group, a Debt Collector: we understand that setbacks happen (sic) Visit www.nrag.us/46908765 to pay or call 800-773-4504 for help. This number doesn't reply to text messages, except for STOP to unsubscribe. |
| 1/22/2026 | 90183 | NRA Group, a Debt Collector: we have not received a payment from you. www.nrag.us/49948173 to pay or call 800-773-4504 for help. This number doesn't reply to text messages, except for STOP to unsubscribe. |
| 1/26/2026 | 90183 | NRA Group, a Debt Collector: we have not received a payment from you. www.nrag.us/49948173 to pay or call 800-773-4504 for help. Reply STOP to opt out |
| 1/29/2026 | 20964 | NRA Group, a Debt Collector: we have not received a payment from you. www.nrag.us/49948173 to pay or call 800-773-4504 for help. Reply STOP to opt out |
| 1/30/2026 | 20964 | NRA Group, a Debt Collector: we have not received a payment from you. www.nrag.us/49948173 to pay or call 800-773-4504 for help. This number doesn't reply to text messages, except for STOP to unsubscribe. |
| 2/4/2026 | 20964 | NRA Group, a Debt Collector: we have not received a payment from you. www.nrag.us/49948173 to pay or call 800-773-4504 for help. Reply STOP to opt out |
| 2/11/2026 | 20964 | NRA Group, a Debt Collector: we have not received a payment from you. www.nrag.us/49948173 to pay or call 800-773-4504 for help. Reply STOP to opt out |
| 2/12/2026 | 90183 | NRA Group, a Debt Collector: we understand that setbacks happen (sic) Visit www.nrag.us/46908765 to pay or call 800-773-4504 for help. Reply STOP to opt out. |

| | | |
|---|---|---|
| 2/18/2026 | 90183 | NRA Group, a Debt Collector: we have not received a payment from you. www.nrag.us/46908765 to pay or call 800-773-4504 for help. Reply STOP to opt out |
| 2/25/2026 | 90183 | NRA Group, a Debt Collector: we have not received a payment from you. www.nrag.us/46908765 to pay or call 800-773-4504 for help. Reply STOP to opt out |
| 4/7/2026 | 20964 | NRA Group, a Debt Collector: we understand that setbacks happen (sic) www.nrag.us/46908765 to pay or call 800-773-4504 for help. Reply STOP to opt out. |
| 4/22/2026 | 20964 | NRA Group, a Debt Collector: we understand that setbacks happen (sic) www.nrag.us/46908765 to pay or call 800-773-4504 for help. Reply STOP to opt out. |

24. Defendant's continued debt collection messages despite her clear written cease-and-desist request annoyed, frustrated, and angered Plaintiff.

25. NRA either willfully ignored or affirmatively opted not to implement proper protocols and safeguards to assure that cease-and-desist requests are honored.

26. NRA sent the same or similar text messages to members of the putative Class after they asked it to cease its debt collection texts.

27. All members of the putative class suffered a concrete and particularized injury, as they received the type of telephone communications they instructed NRA not to send and their privacy rights protected by Congress through 15 U.S.C. § 1692c(c) were violated.

28. Defendant's text messages caused Plaintiff and the Class members harm, including distraction from receipt of the text messages they affirmatively opted out of receiving, wasted time reading unwanted texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

### A. The Proposed Class

29. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

30. Plaintiff brings this case on behalf of the Nationwide Class and Pennsylvania Subclass, as defined as follows:

> **Nationwide Class**: All persons within the United States to whom Defendant or its agent/s and/or employee/s sent a debt collection text message, where the debt is alleged to be owed by an individual, rather than a business, within the one year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication.
>
> **Pennsylvania Subclass:** All persons within the Commonwealth of Pennsylvania, to whom Defendant or its agent/s and/or employee/s sent a debt collection text message, where the debt is alleged to be owed by an individual, rather than a business, within the one year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication.

31. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

33. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States after receiving written communications asking it to cease contact. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

34. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

**C. Common Questions of Law and Fact**

35. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a) Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after being advised in writing to cease communications;

b) Whether Defendant's practice of sending debt collection text messages to consumers after being asked to cease doing so violates the FDCPA;

c) Whether Defendant is liable for damages, and the amount of such damages; and

d) Whether Defendant should be enjoined from such conduct in the future.

36. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection text messages to telephone numbers assigned to cellular telephone services after being asked to cease communications is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

37. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

38. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### F. Proceeding Via Class Action is Superior and Advisable

39. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

40. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

41. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

42. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the

resources of the court and the litigants and promotes consistency and efficiency of adjudication.

43. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

44. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Violations of 15 U.S.C. § 1692c(C)**
**(On Behalf of Plaintiff and the Putative Class)**

45. Plaintiff repeats and re-alleges the paragraphs 1-47 of this Complaint and incorporates them herein by reference.

46. The FDCPA, 15 U.S.C. § 1692c(c) provides that "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which

are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

47. Plaintiff and members of the putative class each notified Defendant in writing that they wished Defendant to cease further communications by communicating in writing their refusal to pay the debt and/or their desire that Defendant cease further contact, but Defendant nonetheless proceeded to send Plaintiff and members of the putative class subsequent debt collection text messages.

48. Moreover, Defendant's subsequent post-Stop messages sought to collect consumers debts and demanded payments from Plaintiff and members of the putative class; the messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or notify Plaintiff or members of the putative class that Defendant intended to invoke a specified remedy.

49. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Certification of the Nationwide Class and Pennsylvania Subclass, pursuant to Fed. R. Civ. P. 23;

2. Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

3. An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief against Defendant precluding it from engaging in conduct for which Plaintiff and the putative Class bring this action; and

5. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Dated: May 12, 2026

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq. (PA 311908)
30 East Butler Avenue
Ambler, PA 19002

Telephone: (267) 468-5374
Fax: (877) 788-2864
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*Counsel for Plaintiff and the Putative Class*